1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| CLEOTIS WAYNE WEST, ) | 1:11-cv-00120 MJS HC |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| JAMES D. HARTLEY, Warden, ) | |
| Respondent. ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| _____ ) | |

16
17
18
19

_____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

20

**I.     DISCUSSION**

**A.     Procedural Grounds for Summary Dismissal**

21
22

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23
24

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

25
26
27
28

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

U.S. District Court
E. D. California

-1-

incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Factual Summary**

On January 24, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.)  Petitioner challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole on August 25, 2008. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Further, Petitioner alleges that his plea violation was violated by the conduct of the Board in refusing to grant parole.

**C.    Federal Review of State Parole Decisions**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

1   U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In

2   Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because

3   there was an absence of "some evidence" to support the decision to deny parole. The Court

4   stated:

5           There is no right under the Federal Constitution to be conditionally released
            before the expiration of a valid sentence, and the States are under no duty to
6           offer parole to their prisoners. (Citation omitted.) When, however, a State
            creates a liberty interest, the Due Process Clause requires fair procedures for
7           its vindication-and federal courts will review the application of those
            constitutionally required procedures. In the context of parole, we have held that
8           the procedures required are minimal. In Greenholtz, we found that a prisoner
            subject to a parole statute similar to California's received adequate process
9           when he was allowed an opportunity to be heard and was provided a statement
            of the reasons why parole was denied. (Citation omitted.)

10
11  Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

12  process that was due as follows:

13          They were allowed to speak at their parole hearings and to contest the evidence
            against them, were afforded access to their records in advance, and were
14          notified as to the reasons why parole was denied....

15          That should have been the beginning and the end of the federal habeas courts'
            inquiry into whether [the petitioners] received due process.

16  Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some

17  evidence" rule is not a substantive federal requirement, and correct application of California's

18  "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

19  This is true even though Petitioner is challenging the Governor's reversals, and not a decision

20  by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir.

21  2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold

22  a second suitability hearing before reversing a parole decision.").

23          Here, Petitioner argues that the Governor improperly relied on evidence relating to

24

25          [1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning
26  granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and
    to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state
27  the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process
    was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity
28  to insure that the records being considered were his records, and to present any special considerations
    demonstrating why he was an appropriate candidate for parole. Id. at 15.

Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Governor's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

The Court concludes that it would be futile to grant Petitioner leave to amend and recommends that the claim be dismissed.

### D.   Plea Violation

Petitioner claims that the Board's August 25, 2008 decision denying him parole violated his plea agreement as he is being subjected to "onerous punishment and/or other disabilities in violation of the plea agreement and the infliction of punishment in violation of the negotiated plea is a violation of the due process of law." (Pet. at 7.)

A criminal defendant has a due process right to enforce the terms of his plea agreement. Promises from the prosecution in a plea agreement must be fulfilled if they are significant inducements to enter into a plea. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006). Plea agreements are contractual in nature and are measured by contract law standards.

United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993). In construing a plea agreement, a court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea. United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002).

The construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement. Ricketts v. Adamson, 483 U.S. 1, 6 n.3, 107 S. Ct. 2680, 97 L. Ed. 2d 1 (1987); Buckley, 441 F.3d at 695. In California, a negotiated plea agreement is a form of contract and is interpreted according to general contract principles and according to the same rules as other contracts. Buckley, 441 F.3d at 695.

In California, the plain meaning of an agreement's language must first be considered. If the language is ambiguous, it must be interpreted by ascertaining the objectively reasonable expectations of the promisee at the time the contract was made. Id. If ambiguity remains after a court considers the objective manifestations of the parties' intent, the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist, or in favor of the defendant. Id. at 695-96.

Here, Petitioner fails to allege facts that would entitle him to habeas relief. His own petition states that he was sentenced to seven years-to-life for first degree murder. (Pet. at 4.) Petitioner does not show that his plea agreement included any term or condition concerning parole, the parole period, Petitioner's eligibility for parole, or release on parole.

Petitioner attached a copy of the transcript of his plea, judgment and sentence. (Pet. at 30.) At the hearing, the following discussion ensued:

> THE COURT: For the purposes of making it clear, the precise offense for which the Court is about to impose judgment – I'll repeat that this comes before the Court after the defendant's conviction by plea of the offense of murder in the first degree with the District Attorney's having stipulated that the allegation that such murder was deliberate and premeditated should be stricken.
>
> By virtue of your plea, the Court now adjudges you guilty of the offense of murder in the first degree, and its sentence – punishment therefor, you shall be committed to the State's Prison for the term prescribed by law. This is one of the offenses under the new determinate sentence act where the ultimate term will be assessed by the Community Release Board, not by this Court. So, to

1   repeat, the sentence is to the State's Prison for the term prescribed by law. You
2   are now committed to the custody of the Sheriff to carry out this judgment and
    sentence of the Court.

3       I do not think there's anything else that can be done today.

4       [DEFENSE COUNSEL]: Your Honor, I do think, for clarification, it was
        agreed that this could be a life sentence with possibility of parole. That was –
5
        THE COURT: That is the effect of the striking of the allegation that it was
6       deliberate and premeditated.

7   (Pet. at 234-35.)

8       Petitioner asserts that his continued confinement is inconsistent with his expectation

9   of any benefit from his plea bargain. Petitioner claims his expectation was that he was to be

10  paroled after seven years, on October 26, 1984. (Pet. at 19.) However, the discussion of

11  Petitioner's prison term at sentencing clearly shows that parole was only a possibility, rather

12  than a guarantee. This is consistent with California law, pursuant to which it is established that

13  an indeterminate life sentence is in legal effect a sentence for the maximum term of life.

14  People v. Dyer, 269 Cal.App.2d 209, 214, 74 Cal. Rptr. 764 (1969).

15      Generally, a convicted person serving an indeterminate life term in state prison is not

16  entitled to release on parole until he is found suitable for such release by the Board of Parole

17  Hearings (previously, the Board of Prison Terms). Cal. Pen. Code § 3041(b); Cal. Code of

18  Regs., tit. 15, § 2402(a).  Under California's Determinate Sentencing Law, an inmate such as

19  Petitioner who is serving an indeterminate sentence for murder may serve up to life in prison,

20  but he does not become eligible for parole consideration until the minimum term of

21  confinement is served. In re Dannenberg, 34 Cal.4th 1061, 1078, 23 Cal. Rptr. 3d 417, 104

22  P.3d 783 (2005). The actual confinement period of a life prisoner is determined by an

23  executive parole agency. Id. (citing Cal. Pen. Code § 3040).

24      Here, there is no basis for a conclusion that at the time the plea was entered, objective

25  manifestations of intent reflected that Petitioner reasonably understood that he was entitled

26  to release on parole at any particular point in his indeterminate sentence. The facts do not

27  warrant a conclusion that the indeterminate sentence imposed was anything other than a

28  sentence for the maximum term of life, with a possibility of release on parole after seven years

1 | if Petitioner were found suitable for such release.

2 | Any rejection by state courts of Petitioner's claim was not contrary to, or an
3 | unreasonable application of, clearly established Supreme Court precedent, and it was not
4 | based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner has
5 | not shown that a state court failed to apply clearly established precedent of the United States
6 | Supreme Court. Further, it would have been reasonable for the state court to have determined
7 | that Petitioner had simply shown that he bargained for a term of seven years to life with only
8 | the "possibility" of release on parole. See Ricketts v. Adamson, 483 U.S. 1, 6 n.3, 107 S. Ct.
9 | 2680, 97 L. Ed. 2d 1 (1987). To the extent Petitioner relies on state regulations or statutes that
10 | permit discretionary release after a shorter period of time than Petitioner has been confined,
11 | Petitioner's claim is based on the application of state law and thus does not entitle Petitioner
12 | to relief.

13 | The record of the pertinent proceedings involving Petitioner's change of plea before the
14 | Court does not contain any evidence of a promise concerning parole release. It, therefore,
15 | does not appear that Petitioner could allege a tenable due process claim concerning his plea
16 | if leave to amend were granted. Accordingly, it will be recommended that Petitioner's due
17 | process claim concerning his plea bargain be dismissed without leave to amend.

18 | **E.    Certificate of Appealability**

19 | A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal
20 | a district court's denial of his petition, and an appeal is only allowed in certain circumstances.
21 | Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining
22 | whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

23 | (a) In a habeas corpus proceeding or a proceeding under section 2255 before
24 | a district judge, the final order shall be subject to review, on appeal, by the court
of appeals for the circuit in which the proceeding is held.

25 | (b) There shall be no right of appeal from a final order in a proceeding to test the
26 | validity of a warrant to remove to another district or place for commitment or trial
a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.

27 | 
28 | (a)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from–

1

2

3

4

5

6

7

8

     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

     (B) the final order in a proceeding under section 2255.

     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

9      If a court denies a petitioner's petition, the court may only issue a certificate of

10 appealability "if jurists of reason could disagree with the district court's resolution of his

11 constitutional claims or that jurists could conclude the issues presented are adequate to

12 deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529

13 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he

14 must demonstrate "something more than the absence of frivolity or the existence of mere good

15 faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

16      In the present case, the Court finds that no reasonable jurist would find the Court's

17 determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable,

18 nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.

19 Petitioner has not made the required substantial showing of the denial of a constitutional right.

20 Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

21 **<u>ORDER</u>**

22      Accordingly, IT IS HEREBY ORDERED:

23      1) The petition for writ of habeas corpus is DISMISSED with prejudice;

24      2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

25 /////

26 /////

27 /////

28

1          3) The Court DECLINES to issue a certificate of appealability.

2

3

4     IT IS SO ORDERED.

5     Dated:    October 3, 2011            /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28